# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 17-184V
Filed: July 24, 2017
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| GWEYNE PHILLIPS, | |
| Petitioner, | Interim attorneys' fees and costs decision; respondent objects to fee award; lack of information to determine reasonable basis |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Diana L. Stadelnikas, Sarasota, FL, for petitioner.
Ann D. Martin, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION DENYING MOTION FOR INTERIM ATTORNEYS' FEES AND COSTS[1]

On February 7, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging that her receipt of tetanus vaccine on November 12, 2014 caused her to develop a shoulder injury related to vaccine administration.

On May 31, 2017, petitioner filed a motion for interim attorneys' fees and costs requesting $7,778.00 in attorneys' fees and $779.66 in attorneys' costs, for a total request of $8,557.66. In accordance with General Order #9, petitioner filed a signed statement saying she has not incurred personal costs in pursuit of her claim.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On June 19, 2017, respondent filed a response to petitioner's motion for interim attorneys' fees. Respondent objects to an award of interim attorneys' fees and costs, arguing "it is far too early in these proceedings to make the requisite findings of 'good faith' and 'reasonable basis.'" Resp. at 4. In petitioner's reply filed on June 29, 2017, petitioner's counsel states that it is not too early to determine whether the instant case is supported by good faith and reasonable basis, because "reasonable basis and good faith can often be determined at an early stage of the proceedings." Pet'r's reply at 2.

On the same date that petitioner filed her motion for interim attorneys' fees and costs, petitioner's counsel filed a motion to withdraw as petitioner's attorney. Petitioner's counsel explains that she would like to withdraw from the case due to irreconcilable differences between herself and petitioner. Mot. at ¶ 1. This case was reassigned the undersigned on July 21, 2017.

The Federal Circuit ruled that interim fee awards are permissible under the Vaccine Act in <u>Avera v. Secretary of Health and Human Services</u>, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The Federal Circuit again found interim fee awards appropriate under the Vaccine Act in <u>Shaw v. Secretary of Health and Human Services</u>, 609 F.3d 1372 (Fed. Cir. 2010), noting that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." <u>Id.</u> at 1375. Subsequently, a number of judges and many special masters have found interim fee awards permissible under a variety of circumstances in which proceedings are protracted, petitioner needed to retain costly experts, or where petitioners demonstrate undue hardship. See <u>McKellar v. Sec'y of HHS</u>, 101 Fed. Cl. 297, 301 (Fed. Cl. 2011).

At this time, it is not appropriate for the undersigned to award interim attorneys' fees and costs. Petitioner filed her petition on February 7, 2017, less than six months ago. Since that time, there has been one status conference held in this case. The undersigned cannot see how petitioner can demonstrate an "undue hardship" necessitating an immediate payment of attorneys' fees and costs, particularly because petitioner has not incurred any personal costs. Therefore, without deciding the issue of whether petitioner's case is supported by good faith and reasonable basis, the undersigned finds that it is inappropriate to award interim attorneys'fees and costs at this time. The undersigned **DENIES** petitioner's motion for interim attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment.[2]

**IT IS SO ORDERED.**

Dated: July 24, 2017                                                    /s/ Laura D. Millman
                                                                              Laura D. Millman
                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.